# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**PARIS JAMON MILLER**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:02-CR-210

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Following his imprisonment for being a felon in possession of a firearm, defendant has been before the court on numerous occasions during his period of supervised release. Limiting the history for the purposes of this order to only 2009, it appears that defendant was reincarcerated at the end of February 2009 for a period of two months and put on 24 months' supervised release. Less than two months later, on May 15, 2009, defendant violated halfway house rules by being absent from his work site. No action was taken at that time, but the following month defendant was reincarcerated for six months for violation of halfway house rules, and was subsequently released on December 9, 2009. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that there are no conditions that will assure his appearance for future court proceedings, based upon his providing a false identification to the police on March 20th which allowed him to leave the scene, and the fact that there were three outstanding warrants for him during the three months he had been released since prison. Further, despite defendant's representation to Judge Robert Holmes Bell and Magistrate Judge Ellen Carmody that (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 6, 2010

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

Less than four months later defendant is before the court for providing a false identity to a Grand Rapids Police Department officer investigating an automobile crash. Defendant is also charged with being in a bar earlier that evening with his girlfriend. Defendant's girlfriend was found intoxicated at the scene of the accident, unable to answer any questions. Defendant was released because he provided a false identity.

During the period after defendant was released from prison, and prior to March 20, 2010, there were three warrants outstanding for his arrest. Two were for child support and one was for a previous incident of driving while license suspended prior to his last imprisonment. A fourth warrant was issued for providing false information to the police. During this same period defendant was staying with his aunt but did not take the opportunity to clear up any of the existing three warrants.

**Part II - Written Statement of Reasons for Detention** - (continued)

"Ms. Jones has been a positive influence on him and she was helping him head down a more positive path" (Supervised Release Violation Report, dated April 20, 2010 at par. 12), in reality this does not appear to have been the case.